IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY GOODWIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 12-00773-LPS |
| | : |
| TOWN OF DEWEY BEACH, | : Jury Trial Demanded |
| SAMUEL MACKERT, as Acting Chief | : |
| of the Dewey Beach Police Department, | : |
| and PATROLMAN JUSTIN | : |
| WECHENHISER, of the Dewey Beach | : |
| Police Department, | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 9) ("Motion") For the reasons set forth below, the Court will grant in part and deny in part the Motion.

### I.  BACKGROUND

Gary Goodwin ("Plaintiff") alleges that on June 27, 2010 he was tackled in the Town of Dewey Beach by defendant Patrolman Justin Wechenhiser ("Wechenhiser") and other unknown officers of the Dewey Beach Police Department. (*See* D.I. 8 at 2-3) On June 19, 2012, Plaintiff filed a complaint against defendant Town of Dewey Beach (the "Town"), defendant Acting Police Chief Samuel Mackert ("Mackert"), and Wechenhiser (collectively, the "Defendants"). (D.I. 1)

On July 10, 2012, Plaintiff filed an amended complaint (the "Amended Complaint")

1

against Defendants. (D.I. 8) The Amended Complaint contains eight counts: (1) violation of 42 U.S.C. § 1983 for excessive use of force and police brutality against all Defendants; (2) common law assault and battery against all Defendants; (3) common law false arrest against all Defendants; (4) violation of 42 U.S.C. § 1983 for false arrest against all Defendants; (5) common law malicious prosecution against all Defendants; (6) violation of 42 U.S.C. § 1983 for malicious prosecution against all Defendants; (7) failure to train, supervise, and select against the Town and Mackert; and (8) failure to promulgate lawful policies governing the use of force, also against the Town and Mackert. (*See* D.I. 8 at 4-11)

Defendants filed the Motion on July 26, 2012. (*See* D.I. 9, 10, 12, 13, 14)

## II. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 127 S. Ct. at 1974. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### III. DISCUSSION

#### A. Counts II, III, and V against the Town, Mackert, and Wechenhiser in his official capacity

The parties agree that the state tort claims alleged in counts II, III, and V of the Amended Complaint should be dismissed against the Town and Mackert, pursuant to 10 Del. C. §§ 4011 and 4012. (*See* D.I. 13 at 13; D.I. 14 at 6)

Section 4011 provides that "[e]xcept as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages." 10 Del. C. § 4011(a). Section 4012 then provides a list of claims for which Delaware municipalities have waived immunity. *See* 10 Del. C. § 4012.

The Court also agrees with Defendants that counts II, III, and V against Wechenhiser in

his official capacity should be dismissed pursuant to the same statutes, 10 Del. C. §§ 4011 and 4012. (*See* D.I. 14 at 6) Plaintiff does not respond to Defendants' argument on this point. (*See* D.I. 10 at 8-10; D.I. 13 at 13) Counts II, III, and V against Wechenhiser in his individual capacity will not be dismissed. *See* 10 Del. C. § 4011(c) ("An employee may be personally liable for acts or omissions causing . . . bodily injury . . . performed with wanton negligence or willful and malicious intent.").

### B. Counts VII and VIII against the Town and Mackert

The parties agree that, to the extent they are alleged in counts VII and VIII of the Amended Complaint, state tort claims should be dismissed against the Town and Mackert, pursuant to 10 Del. C. §§ 4011 and 4012. (*See* D.I. 10 at 10-11; D.I. 13 at 14) To the extent counts VII and VIII attempt to state a claim pursuant to § 1983 against these defendants, the claims are dismissed for failure to state a claim.

Count VII alleges that the Town and Mackert are liable under § 1983 for damages based on their failure to train, supervise, and select police officers, because such failures amount to negligence, gross negligence, and deliberate indifference to the rights of Plaintiff, thereby causing Plaintiff's injuries. (*See* D.I. 8 at 9; D.I. 13 at 14-18) Count VIII alleges that the Town and Mackert are liable for damages under § 1983 for their failure to promulgate lawful policies governing the use of force, as such failure amounts to negligence, gross negligence, and deliberate indifference to the rights of Plaintiff, thereby causing Plaintiff's injuries. (*See* D.I. 8 at 10-11; D.I. 13 at 18-21) Plaintiff's conclusory allegations do not satisfy his obligation to plead facts showing that the alleged failures constituted a "policy" or "custom" such as to provide a basis for imposing liability. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978); *see*

*also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991).

Accordingly, the Court will dismiss counts VII and VIII in their entirety.

### C. Punitive damages against Mackert and Wechenhiser in his official capacity

Punitive damages are not available for a § 1983 violation committed by a municipal employee acting in his official capacity. *See Bush v. City of Wilmington*, 1990 U.S. Dist. LEXIS 20195, at *35 (D. Del. Aug. 3, 1990), *aff'd*, 931 F.2d 49 (3d Cir. 1991). Punitive damages may be awarded under § 1983 only against a municipal employee in his individual capacity and only where "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involved reckless or callous indifference to the federally protected rights of others." *Coleman v. Kaye*, 87 F.3d 1491, 1497 (3d Cir. 1996).

Plaintiff has not plead any fact that could show Mackert had evil motive or intent, recklessness, or callousness. (*See* D.I. 8 at 2-11; D.I. 13 at 6-22) Likewise, the punitive damages claim as against Wechenhiser in his official capacity must be dismissed. Plaintiff's prayer for punitive damages against Wechenhiser in his individual capacity remains in this case.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint (D.I. 9) is GRANTED IN PART and DENIED IN PART. Specifically:

1. Counts II, III, and V are DISMISSED as against the Town, Mackert, and Wechenhiser acting in his official capacity.

2. Counts VII and VIII are DISMISSED.

3. The request for punitive damages against Mackert and Wechenhiser acting in his

official capacity are DISMISSED.

4. The Court will not permit amendment of the Amended Complaint as it appears any such amendment would be futile.

March 26, 2013

_____
UNITED STATES DISTRICT JUDGE